FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 FEB 13 PM 2:02
FEB 1 3 2001
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRAVELERS PROPERTY CASUALTY | * | |
| AND CII CARBON, L.L.C. | * | CIVIL ACTION |
| | * | NUMBER 00-0130 |
| VERSUS | * | |
| | * | SECTION "L" (2) |
| THE MG-332 AND MGR-39, her engines, | * | |
| tackles, boilers, furniture, apparel, etc., *in rem*, | * | |
| MGT SERVICES, INC. d/b/a MGT TRANSPORT | * | |
| SERVICES, INC., d/b/a MGT-T SERVICES, INC. | * | |
| *in personam,* ST. JOHN FLEETING, INC., | * | |
| ST. JOHN FLEETING, L.L.C., ABC INSURANCE | * | |
| COMPANY, AND XYZ INSURANCE COMPANY | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MOTION TO COMPEL

**NOW INTO COURT**, through undersigned counsel, comes defendant and plaintiff in cross-claim, MGT Services, Inc., and moves this Honorable Court for an entry of an order compelling defendant, St. John Fleeting, Inc., to produce written statements of crew members who handled the barges MGR39 and MG332 prior to and at the time of their sinking. Further, MGT Services respectfully requests this Court award it attorney fees and costs for the filing of this motion pursuant to F.R.Civ. P. 37(a)(4). MGT Services is entitled to production of these documents pursuant to F.R.Civ. P 26(b)(3) as set forth more fully in the attached Memorandum.



1

Respectfully submitted,

GEORGE J. NALLEY, JR., APLC

*/s/ Christopher J. Stahulak*
GEORGE J. NALLEY, JR.   (9883)
CHRISTOPHER J. STAHULAK (27094)
111 Veterans Blvd., Suite 920
Metairie, LA 70005
(504) 838-8188
Fax: (504) 838-0008
Attorneys for MGT Services Inc.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record by U.S. Mail, properly addressed and postage prepaid, this 13th day of February, 2001.

*/s/ Christopher J. Stahulak*
GEORGE J. NALLEY, JR.
CHRISTOPHER J. STAHULAK

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRAVELERS PROPERTY CASUALTY | * | |
| AND CII CARBON, L.L.C. | * | CIVIL ACTION |
| | * | NUMBER 00-0130 |
| VERSUS | * | |
| | * | SECTION "L" (2) |
| THE MG-332 AND MGR-39, her engines, | * | |
| tackles, boilers, furniture, apparel, etc., *in rem*, | * | |
| MGT SERVICES, INC. d/b/a MGT TRANSPORT | * | |
| SERVICES, INC., d/b/a MGT-T SERVICES, INC. | * | |
| *in personam,* ST. JOHN FLEETING, INC., | * | |
| ST. JOHN FLEETING, L.L.C., ABC INSURANCE | * | |
| COMPANY, AND XYZ INSURANCE COMPANY | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## L.R. 37.1 CERTIFICATE

Counsel for MGT Services, Inc. submits this certificate pursuant to Rule 37.1 of the uniform local rules of the District Court's for the Eastern, Middle and Western districts and certifies that George Nalley, counsel for MGT Services, Inc., has conferred by telephone with counsel for St. John Fleeting Inc. for the purposes of amicably resolving this discovery dispute, and that counsel for St. John's Fleeting Inc. has advised that he will not provide the documents responsive to the outstanding discovery requests.

Respectfully submitted,

GEORGE J. NALLEY, JR., APLC

*/s/ Christopher J. Stahulak*

GEORGE J. NALLEY, JR.   (9883)
CHRISTOPHER J. STAHULAK (27094)
111 Veterans Blvd., Suite 920
Metairie, LA 70005
(504) 838-8188
Fax: (504) 838-0008
Attorneys for MGT Services Inc.

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRAVELERS PROPERTY CASUALTY | * | |
| AND CII CARBON, L.L.C. | * | CIVIL ACTION |
| | * | NUMBER 00-0130 |
| VERSUS | * | |
| | * | SECTION "L" (2) |
| THE MG-332 AND MGR-39, her engines, | * | |
| tackles, boilers, furniture, apparel, etc., *in rem*, | * | |
| MGT SERVICES, INC. d/b/a MGT TRANSPORT | * | |
| SERVICES, INC., d/b/a MGT-T SERVICES, INC. | * | |
| *in personam*, ST. JOHN FLEETING, INC., | * | |
| ST. JOHN FLEETING, L.L.C., ABC INSURANCE | * | |
| COMPANY, AND XYZ INSURANCE COMPANY | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF HEARING

TO:  Richard A. Chopin, Esq.              Michael R. Sistrunk
     Chopin, Wagar, Cole,                 Campbell, McCranie, Sistrunk
     Richard, Reboul & Kutcher            Anzelmo & Hardy
     Two Lakeway Center - Ste. 900        3445 N. Causeway Blvd., Ste. 800
     3850 N. Causeway Blvd                Metairie, LA  70002
     Metairie, LA 70002

     Anthony J. Staines, Esq.
     STAINES & EPPLING
     3500 N. Causeway Blvd., Ste. 820
     Metairie, LA 70002

Notice is hereby given that MGT Services, Inc. has filed a Motion to Compel St. John Fleeting, Inc. to produce the written statements of crewmembers that handled the barges MG332 and MGR39 prior to their sinking on June 26, 1999. This hearing will be held before the Magistrate Judge Joseph C. Wilkinson at 11:00 a.m. on the 28th day of February, 2001.

5

Respectfully submitted,

GEORGE J. NALLEY, JR.
A Professional Law Corporation

*/s/ Christopher J. Stahulak*

GEORGE J. NALLEY, JR.         (9883)
CHRISTOPHER J. STAHULAK    (27094)
Heritage Plaza - Suite 920
111 Veterans Memorial Blvd.
Metairie, LA  70005
(504) 838-8188

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 13th day of February, 2001 served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing the same by United States mail, properly addressed, and first class postage prepaid.

*/s/ Christopher J. Stahulak*
GEORGE J. NALLEY, JR., APLC
CHRISTOPHER J. STAHULAK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRAVELERS PROPERTY CASUALTY | * | |
| AND CII CARBON, L.L.C. | * | CIVIL ACTION |
| | * | NUMBER 00-0130 |
| VERSUS | * | |
| | * | SECTION "L" (2) |
| THE MG-332 AND MGR-39, her engines, | * | |
| tackles, boilers, furniture, apparel, etc., *in rem*, | * | |
| MGT SERVICES, INC. d/b/a MGT TRANSPORT | * | |
| SERVICES, INC., d/b/a MGT-T SERVICES, INC. | * | |
| *in personam*, ST. JOHN FLEETING, INC., | * | |
| ST. JOHN FLEETING, L.L.C., ABC INSURANCE | * | |
| COMPANY, AND XYZ INSURANCE COMPANY | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**

**I.    FACTS & PROCEDURAL POSTURE**

This case arises out of the sinking of two barges while in the St. John fleet near Garyville, Louisiana on June 26, 1999. The barges, MG 332 and MGR 39, were owned by MGT Services. As a result of the sinking, the majority of the petroleum coke cargo onboard these barges was lost. The cargo owners, CII Carbon, and their insurer, Travelers Insurance Co., filed suit against MGT Services and St. John Fleeting for the loss of their cargo. MGT Services filed a cross claim against St. John alleging the sinking was caused by St. John's failure to properly inspect, monitor and pump the barges while in its fleet.

**A.  Interrogatories and Requests for Production**

On August 6, 2000 MGT Services propounded discovery requesting the identification of any statements taken by St John regarding the sinking of the barges. (See MGT Service's Interrogatory No. 12, attached as Exhibit 1.) St. John responded on Aug. 26, 2000 and objected to the production of any written or recorded statements on the grounds that any such statements

1

were taken and/or prepared in anticipation of litigation and were therefore immune from discovery. Subject to the objection, St. John responded that recorded statements were taken from Raymond Boudreaux, Benjamin Nolan, Allen Penton, William Mobley, Kasey Bowen, and Kevin O' Daniels. (See St. John's Answer to Interrogatory No. 12 attached as Exhibit 2.)

In response to Interrogatory No. 8, St. John provided a narrative of events leading up to the sinking prepared from statements of St. John's crewmembers. (See St. John Fleeting, Inc.'s Answer to Interrogatory No. 8 attached as Exhibit 3.) According to that timeline, pumping on the barges ceased at 3:10 p.m. on June 25, 1999 and the barges were in no danger at 5:40 p.m. Further, according to this timeline, the barges were first found to be in trouble at 9:00 a.m. the following morning, June 26, 1999, when the MG332 was found with its decks awash. Most notably, William Mobley is not mentioned at all in this version. At the depositions of Mobley, Nolan and O'Daniels the witnesses could not recall the details of their handling of the vessels. However, after the depositions, St. John amended their previous discovery response and provided a completely different version of events with specific times and dates. (See St. John's Supplemental and Amending Answer to Interrogatory No. 8 attached as Exhibit 4.)

MGT Services respectfully submits that St. John's own admissions show why these statements should be produced to all parties. After having provided one set of facts in their original discovery responses that was contradicted and/or denied for lack of recall in many respects by the deposition testimony of their employees, St. John provided yet another scenario and timeline in their amending discovery responses. In their attempt to explain these multiple scenarios St. John's counsel stated:

> "... The discovery responses provided by St. John Fleeting regarding the times and activities of the fleet boats have been supplemented and amended to conform with the operator's statements. <u>It was simply confusion by counsel regarding information provided by the operator which resulted in the initial discovery</u>

response." (Letter by St. John's counsel to M/G counsel, Feb. 6, 2001 attached as Exhibit 5.)

With all due respect, if St. John's counsel is so confused about what occurred after they interviewed and took statements from their own employees that they cannot provide a correct time sequence of the events, clearly the other parties are entitled to see exactly what the witnesses and participants said occurred at the time of the accident.

### B. Depositions of St. John Fleet Personnel

Despite various attempts to depose key witnesses it was not until November 6, 2000 that MGT Services was able to depose Benjamin Nolan, Kevin O' Daniels and William Mobley. At that time, it had been a year and five months since the sinking of the barges. The depositions of Allen Penton and Raymond Boudreaux are currently scheduled on February 21, 2001, over a year and half since the sinking.

At the depositions of Benjamin Nolan, Kevin O' Daniels and William Mobley it became apparent that due to the passage of time the witnesses could not recall many of the details regarding the sinking. Further, the testimony elicited from the witnesses directly contradicted the time sequence set forth by St. John in its discovery responses and did not corroborate St. John's amended discovery answer.

More specifically, William Mobley stated that he saw a barge listing, however, he could not recall the day or time that he saw it. (See Deposition of William Mobley, pgs. 18-30 attached as Exhibit 6.) In addition, he could not recall when he reported this to the M/V ST. CHARLES. *See id* at 20. Mobley could not even recall if he helped out with the salvage operations. *See id* at 21.

Kevin O'Daniels could not recall Robert Freeman telling him of water running into the #3 tank of the MG332. (See the Deposition of Kevin O'Daniels, p. 32 attached as Exhibit 7.)

3

He could not recall if any of the barges were taking on water during heavy rain or if they required pumping. *See id* at p. 50. In fact, he could not remember if he did any pumping on these barges prior to June 26, 1999. *See id* at 41. O'Daniels did not even recall giving a statement on this matter. *See id* at 51. In fact, <u>he testified that his memory of the specifics regarding his activities at the time of the sinking was better when he gave his statement.</u> *See id.* at 52.

Nolan also had a poor memory. He could not recall working on the barge and noted there was no entry in his log that he worked on the MG332 on June 24th or 25th. (See the Deposition of Nolan pgs. 31-35 attached as Exhibit 8.) He could not recall when he conducted pumping operations or for how long. *See id.* at 20. He also could not remember observing anything about these barges or their condition. *See id.* at 59. Further, Nolan could not recall telling his relief captain about pumping the MG 332. *See id* at 65.

At the deposition, counsel for MGT Services, again, requested that St. John produce the crewmembers' statements as the witnesses had a poor recollection of the events surrounding the casualty. MGT Services requested the statements again on November 10, 2000. (See Letter to Counsel attached as Exhibit 9.) MGT Services then propounded another formal Request for Production for the statements on January 29, 2001. (See MGT's Request for Production attached as Exhibit 10.) On February 6, 2001, counsel for St. John advised that they would not voluntarily turn over the statements. (See Letter to Counsel attached as Exhibit 5.) Accordingly, MGT Services has brought the instant motion.

### C. St. John's Amending And Supplemental Answers To Interrogatories

After the depositions, St. John Fleeting amended its answer to Interrogatory No. 8 and put forth, <u>what is now a third timeline of events</u>. (See Supplemental and Amending Answer to

4

Interrogatory No. 8 attached as Exhibit 4.) St. John claims that the amended answer was provided to "conform with the operators' statements." (See Letter from Counsel dated February 6, 2001 attached as Exhibit 5.) Importantly, the third version of events conflicts with both its previous answer and provides information that the crewmembers claimed they could not recall at their depositions.

In St. John's amended discovery response they claim that from midnight on June 25-26, 1999 until 2 am June 26, 1999, Benjamin Nolan and Kasey Bowen conducted pumping operations on the MG332. (See Supplemental and Amended Answer to Interrogatory No. 8, p.3, attached as Exhibit 4.) However, at his deposition, Nolan could not recall if he pumped the barge or when. (See Deposition of Nolan pgs. 31-35 attached as Exhibit 8.) In fact, he testified that for June 25, 1999 there is no entry in his log for doing any work on these barges during his shift. *See id.* at 34. Even after reviewing his logs he had no recollection of working on the barges. *See id.* at 35. He did recall he felt the barges were overloaded, however, he wasn't sure if he reported it. *See id.* at 38.

In St. John's original answer, no mention is made of Captain Mobley or the M/V ST. JOHN. In its revised answer, Captain Mobley appears at 8:45 p.m. and reports a slight starboard list on the MG332. However, at his deposition, Mobley could not recall when he saw the barge listing. (See Deposition of William Mobley, pgs. 18-21 attached as Exhibit 6.) Then after reviewing his logs he noted that he was in that block number 3 where the MG332 was located on June 25, 2000 from 9:45 p.m. to 11:00 p.m. *See id.* at 24. However, the logs failed to refresh his recollection as to when he noticed the barge listing and when he reported it. *See id.* at 25.

5

## II.   LAW & ARGUMENT

### A. The Requisites of FRCVP 26(b)(3) are met and the Crew Statements are Discoverable

Pursuant to F.R.Civ.P. Rule 26(b)(3), for a witness statement to fall within the protection of work product doctrine, the statement must be taken in anticipation of litigation. In order for a party to obtain statements that may be protected as work product, the "party must show first that he has substantial need of the materials in the preparation of his case and second that he is unable without undue hardship to obtain the substantial equivalent of the materials by any other means." *Hamilton v. Canal Barge Co., Inc.*, 395 F.Supp. 975, 976 (E.D.La.1974). *See also* F.R.Civ. P. 26(6)(3).

Application of the two-prong exception to protection of work product requires a fact-based inquiry into the circumstances of the case and a district court is vested with wide discretion in determining whether the circumstances justify the production of work product materials for inspection. *See Eckstein Marine Service v. Cresent Marine Towing*, 1998 WL 85023 (E.D.La. 1998), *Southern Railway Co. v. Lanham*, 406 F.2d 119, 126 (5th Cir. 1969).

In *Trico Marine Assets, Inc. v. Alpha Marine Service, LLC*, 1999 WL 622722 (E.D.La. 1999) the court considered a motion to compel production of written statements made by SCUBA divers who examined a ship wreck shortly after it sank. *See id.* *1. The divers were the only people with the information regarding the position the vessel's watertight doors. *See id.* In that case, it had been months since the diving expedition and the court found the divers were in a unique position to observe information relevant to the sinking. *See id.* at *2. The Court ordered the production of the statements. *See id.*

6

Likewise, in the present case, the crewmen were in a unique position to observe the condition of the barges at various times prior to their sinking. Also, the crewmen were the only ones in possession of information regarding their observations, inspections, pumping and monitoring of the barges. That information was preserved through the statements made within a few days of the sinking. Moreover, a period of time substantially longer then a few months has passed. Indeed, more than a year and half has passed since the sinking involved in this case.

**(i) MGT Service is in Substantial Need of the Crew Statements to Prepare its Case**

The Federal Rule of Civil Procedure 26(b)(3) permits discovery of materials that are prepared in anticipation of litigation or for trial "only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the party's case..." MGT Services has alleged that St. John failed to properly monitor, inspect and pump the barges while it was in the St. John Fleet. Therefore, the activities of the crewmembers that handled the barges are critical this case.

St. John has put forth two conflicting time lines of events and the witnesses' deposition testimony has revealed they have a poor recollection of their activities and observations from over a year and half ago. The crewmembers are eyewitnesses to and participants in the incident and, therefore, their version of events is important to this lawsuit. Furthermore, after months of delay by St. John, MGT Services has only recently been able to depose crewmembers, over a year after the sinking. A review of the deposition testimony reveals discrepancies in the answers to interrogatories prepared by St. John's counsel.

To further cloud the timing of events leading up to the sinking, St. John has now amended its discovery responses. Amazingly, this third version of events does not correlate with either the testimony of the witnesses nor St. John's original version of events. Instead, this

version was provided to "conform with the operators statements," which only St. John has. As the activities of the crewmembers are central to this case, it is imperative the time sequence of events leading up to the barges sinking be established. Therefore, MGT Services is in substantial need of this information and the first prong of the test is met.

In *Jones v. A.F.C. Interprises, Inc.*, 1998 WL 213764 (E.D.La. 1998) the Magistrate ordered the production of a statement made by a manager of a store in which an accident occurred. At the manager's deposition he could not recall whether he had cleaned up grease outside the store. The information sought cut "to the heart of the complaint." In upholding the Magistrate's ruling, the Court reasoned that a party is entitled to production of documents that would be useful to impeach a witness. *See Hickman v. Taylor*, 329 U.S. 495 (1947) ("discovery is proper of documents that "might be useful for purposes of impeachment or corroboration") In addition, the court relied on the Advisory Committee notes to Rule 26(b)(3) which state that a statement of a witness where the witness "may probably be deviating from his prior statement" is likely to be discoverable. *See* Advisory Committee Notes to Fed R.Civ. P. 26 (b)(3). Moreover, the importance of the document to the litigation is a factor in determining whether it should be produced. *See In Re International Systems & Controls Corp. Inc.*, 693 F.2d 1235, 1241 (5th Cir. 1982).

The Court in *Jones*, held that the documents appeared to be significant both for impeachment and substantive issues at trial and that there appeared to be a direct conflict between the interview and the deposition testimony. As the document would help the fact finder reach the truth on an important issue, the element of "substantial need" was satisfied. *See Jones v. AFC Interprises, Inc.*, 1998 WL 213764, *1 (E.D.La. 1998). The court also found that gaining access to an entirely separate and potentially differing prior statement that was not available

through other avenues constituted undue hardship. *See id.* at *2. The fact that St. John must "conform" their discovery responses to the "operators statements" even after deposition testimony has been taken clearly shows that the witnesses are deviating from their prior statements.

### (ii) The substantial Equivalent of the Crew Statements is Not Available

The second prong of the test requires that MGT Services demonstrate it "is unable without undue hardship to obtain the substantial equivalent of the materials by any other means." MGT Services has attempted to obtain the substantial equivalent of this information through interrogatories and depositions; however, due to the passage of time and witnesses' faulty memory such is not possible. *See Eckstein Marine Service Inc. v. Crescent Marine Towing, Inc.*, 1998 WL 850523 (E.D.La. 1998) (plaintiff may demonstrate undue hardship if the witness cannot recall the events in question.) Furthermore, St. John's attempts to provide the informational equivalent through answers to interrogatories has only served to confuse and cloud the information obtained, as St. John has provided multiple time sequences and scenarios.

A substantial equivalence of the crew statements is simply not available. The statements being withheld by St. John were taken shortly after the sinking when the events were fresh in the minds of the crewmen and can provide an immediate impression of the facts. Therefore, they are more accurate than the deposition testimony obtained more than a year later. As the *Hamilton* court noted: "though there are cases to the contrary, there is now substantial authority for the proposition that statement taken from witnesses close to the time of the occurrence are unique, in that they provide an immediate impression of the facts. On this view, mere lapse of time is in itself enough to justify discovery." *Hamilton,* 395 F.Supp. at 977.

While the statements at issue may have been taken in anticipation of litigation, MGT Services has a substantial need for them and cannot obtain the substantial equivalent via other less cumbersome means. Undue hardship would result if denied access to witness statements taken soon after the casualty, particularly, where those witnesses are employees of a party who have the best and only knowledge about the fleet's operations on the days surrounding the casualty. *See McGovern v. Marriott Intern., Inc.*, 1995 WL 640519 (E.D.La. 1995). In the case at bar, it is significant that these crew members were not mere observers, but were directly involved in the entire chain of events that led to the decision making process regarding the handling of these barges. Moreover, production of these statements is only sought after a showing of substantial need, undue hardship, and the inability to obtain the substantial equivalent of the documents, as would entitle MGT Services to discovery despite any privilege.

### III.   CONCLUSION

For the above and foregoing reasons, MGT Services respectfully requests that this Court enter an order compelling St. John Fleeting, Inc. to produce the recorded statements of the crew members, Benjamin Nolan, William Mobley and Kevin O' Daniels, within fifteen days in a manner consistent with Fed. R. Civ. P. 34(b). Further, MGT Services requests this Court award it attorney fees and costs associated with the filing of this motion pursuant to F.R. Civ. P. Rule 37(a)(4).

Respectfully submitted,

GEORGE J. NALLEY, JR., APLC

*/s/ Christopher J. Stahulak*
_____
GEORGE J. NALLEY, JR.   (9883)
CHRISTOPHER J. STAHULAK (27094)
111 Veterans Blvd., Suite 920
Metairie, LA 70005
(504) 838-8188
Fax: (504) 838-0008
Attorneys for MGT Services Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served on all counsel of record by U.S. Mail, properly addressed and postage prepaid, this 13th day of February, 2001.

*/s/ Christopher J. Stahulak*
_____
GEORGE J. NALLEY, JR.
CHRISTOPHER J. STAHULAK

11

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**