U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED  APR 18 2001

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRAVELERS PROPERTY CASUALTY AND CII CARBON, L.L.C. | * * * | CIVIL ACTION NUMBER 00-0130 |
| VERSUS | * * | |
| THE MG-332 AND MGR-39, her engines, tackles, boilers, furniture, apparel, etc., *in rem*, MGT SERVICES, INC. d/b/a MGT TRANSPORT SERVICES, INC., d/b/a MGT-T SERVICES, INC. *in personam*, ST. JOHN FLEETING, INC., ST. JOHN FLEETING, L.L.C., ABC INSURANCE COMPANY, AND XYZ INSURANCE COMPANY | * * * * * * * | SECTION "L" (2) |

## MGT SERVICES' SUPPLEMENTAL AND AMENDING ANSWER TO PLAINTIFF'S VERIFIED COMPLAINT FOR DAMAGES AND COUNTERCLAIM AGAINST CII CARBON, L.L.C.

NOW INTO COURT, through undersigned counsel, comes MGT Services, Inc., (hereinafter referred to as "MGT"), and supplements and amends it answer to the Verified Complaint for Damages filed by plaintiffs, Travelers Property Casualty and CII Carbon, L.L.C.

I.

MGT Services reiterates and reasserts each and every allegation contained in its previously filed pleadings, and answers as if copied herein *in extenso*.

1

II.

MGT amends and supplements its previously filed answer to plaintiffs' Verified Complaint for Damages to add the following paragraph:

## EIGHTH DEFENSE

Pursuant to the terms of the Contract of Affreightment between MGT Services and CII Carbon, should the sinking of the barges MG 332 and MGR 39 and the subsequent loss of their cargo, be found to be the result of overloading of the barges then all claims against MGT are barred by contractual provisions and/or is the result of persons or parties for whom MGT is not responsible.

## MGT SERVICES' COUNTERCLAIM AGAINST CII CARBON, L.L.C.

AND NOW, assuming the position of plaintiff in counterclaim, comes defendant and counterclaimant, MGT Services Inc. and respectfully avers as follows:

1.

This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is based on 28 USC §1333 and 28 USC §1367.

2.

MGT is a foreign corporation with its principal place of business in Amelia, Ohio that was authorized to do and doing business in Louisiana and the Eastern District of Louisiana at all pertinent times hereto.

3.

Made defendants herein are:

**CII Carbon L.L.C.**, a Louisiana Limited Liability Company with its principal place of business in Chalmette, Louisiana that was authorized to do and doing business in Louisiana and the Eastern District of Louisiana at all pertinent times hereto.

**ABC Insurance Company**, whose exact identity is not yet known, upon information and belief is a foreign insurer, which was licensed to do and doing business at all times within the jurisdiction of this Court. More particularly, upon information and belief, ABC Insurance Company provided insurance coverage for all allegations asserted against CII Carbon in this matter.

4.

Venue is proper in the United States District Court for the Eastern District of Louisiana because all of the defendants are authorized to do and were doing business within the Eastern District of Louisiana at all pertinent times hereto and because the Contract of Affreightment executed between MGT and CII Carbon provides that any lawsuit arising out of the contract be brought in the United States District Court for the Eastern District of Louisiana.

5.

At all material times, MGT was the owner of Barges MG 332 and MGR 39 that were engaged in the carriage of cargo by water for hire.

6.

On December 4, 1998, CII entered into a Contract of Affreightment with MGT for the transportation of green petroleum coke from Darrow, Louisiana to Chalmette, and Gramercy

Louisiana.

7.

Under the terms of the Contract of Affrieghtment, CII as Shipper was responsible for the loading of barges MG 332 and MGR 39. In addition, pursuant to the terms of the Contract of Affrieghtment, CII is responsible for any loss or damage incurred by MGT as a result of the improper loading of the barges.

8.

On or about June 22, 1999, CII Carbon's cargo of petroleum coke was loaded onto barges MG 332 and MGR 39.

9.

On or about June 26, 1999, the barges MG 332 and MGR 39 were moored in a tier of barges at the St. John fleeting facility located on the Mississippi River, Mile 141.5, on the westbank adjacent to Garyville, Louisiana.

10.

On or about June 26, 1999, the barge MG 332, while moored at the St. John fleeting facility, sank and rolled over, causing extensive damage to the barge and the loss of its cargo.

11.

The barge MGR 39 was pulled down by the sinking of barge MG 332, resulting in the sinking of barge MGR 39 also, causing extensive damage to that barge and the loss of its cargo.

12.

Subsequently, as a result of the sinking, MGT sustained damages for the repair and salvage of the vessels.

13.

Should this Court determine the sinking of the barges and the resulting costs of repair and salvage, were the result of improper loading of the barges then CII Carbon is contractually responsible for the damages to MGT's barges and the salvage costs.

14.

As a result of the sinking of the barges MG 332 and MGR 39 and CII's breach of the contract of affreightment, MGT sustained damages in the amount of $168,000.49 for surveying, salvage, and repair of the barges.

15.

Accordingly, should this court determine the sinking of the barges was due to their improper loading then CII Carbon, defendant in counterclaim, is truly indebted to the plaintiff in counterclaim, MGT Services, in the sum of $168,000.49 for the aforementioned losses, in addition to all other expenses incurred in connection with the sinking, salvage and repair of the barges MG 332 and MGR 39, plus interest from the date of loss, June 26, 1999, attorneys fees, court costs, and all other expenses and costs associated with this litigation.

WHEREFORE, if after due legal proceedings are had, this Court determines the cause of the sinking was due to the improper loading of the barges, then MGT Services prays that Judgment be rendered in favor of MGT Services and against CII Carbon for any expenses incurred in connection with damages to MGT Services' barges including the costs of salvage and repair of the barges together with interest, costs and attorney's fees and other related expenses. MGT Services further prays for all general and equitable relief to which it might be entitled in this matter.

Respectfully submitted,

GEORGE J. NALLEY, JR.
A Professional Law Corporation

GEORGE J. NALLEY, JR. (9883)
CHRISTOPHER J. STAHULAK (27094)
Heritage Plaza - Suite 920
111 Veterans Memorial Blvd.
Metairie, LA 70005
(504) 838-8188

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 26th day of March, 2001 served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing the same by United States mail, properly addressed, and first class postage prepaid.

GEORGE J. NALLEY, JR., APLC