FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 APR 23 PM 3:31

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRAVELERS PROPERTY CASUALTY AND CII CARGON, LLC | * | CIVIL ACTION |
| VERSUS | * | NO. 00-0130 |
| THE MG-332 AND MGR-39, her engines, tackle, boilers, furniture, apparel, etc., *in rem*, MGT SERVICES, INC. d/b/a MGT TRANSPORT d/b/a MGT-T SERVICES, INC., *in personam*, | * | SECTION "L"(2) |
| | * | JUDGE FALLON |
| ST. JOHN FLEETING, INC., *in personam*, ST. JOHN FLEETING, LLC, *in personam*, ABC INSURANCE COMPANY, *in personam*, and XYZ INSURANCE COMPANY, *in personam* | * | MAG. WILKINSON |

\* \* \* \* \* \* \* \* \*

## ANSWER TO COMPLAINT FOR DAMAGES AND FIRST AMENDED COMPLAINT FOR DAMAGES

**NOW INTO COURT,** through undersigned counsel, comes Professional Marine Surveyors, Inc., R. Wayne Coxe and Roddy Hurst, incorrectly named Robby Hurst, (hereinafter, collectively referred to as "Professional Marine") and in answer to the Complaint for Damages and First Amended Complaint for Damages of plaintiffs, Travelers Property Casualty (hereinafter referred to as "Travelers") and CII Carbon,

Fee____
Process___
X Dktd___
CtRmDep___
Doc.No. 86

LLC (hereinafter "CII"), with respect represents as follows:

## FIRST DEFENSE

The Complaint for Damages and First Amended Complaint for Damages of Travelers and CII fail to state a claim or cause of action against these defendants upon which relief can be granted.

## SECOND DEFENSE

Answering separately the allegations of the Complaint for Damages, defendant, Professional Marine, states as follows:

1.

The allegations contained in Articles 1, 2, 3, 4, and 5 of the Complaint for Damages require no answer of this defendant; however, should an answer be required, the allegations contained therein are denied.

2.

The truth of the allegations of fact contained in Articles 6, 7, 8, 9, 11, 12, 13, 14, 15, 16, 17, 18, 20, 21, 22, 23, 24, 26, and 27 of the Complaint for Damages is denied for lack of sufficient information to justify a belief therein.

3.

The truth of the allegations of fact contained in Articles 10, 30, 31, 32, and 33 state legal conclusions requiring no answer; however, should answer be required the allegations contained therein are denied.

4.

The truth of the allegations of Article 19 are denied except to admit that 1469.733 metric tons were aboard the MR-39 and 1661.403 metric tons were aboard the MG-322.

5.

The truth of the allegations of fact contained in Article 26, 28 and 29 are denied.

**Answering separately the allegations of the First Amended Complaint for Damages, defendant, Professional Marine, states as follows:**

6.

In response to Article 1 of the First Amended Complaint for Damages defendant, Professional Marine, repeat and reaver each and every defense, answer, and claim set forth above as if copied herein *in extenso*.

7.

The truth of the allegations of fact contained in Article 2 of the First Amended Complaint adding Article 5a is denied except to admit that Professional Marine does and is doing business in Louisiana.

8

The truth of the allegations of fact contained in Article 2 of the First Amended Complaint adding Articles 5b is admitted.

9.

The truth of the allegations of fact contained in Article 2 of the First Amended Complaint adding Articles 8a and 14a are denied except to admit Professional Marine performed marine surveyor services on behalf of CII.

10.

The truth of the allegations of fact contained in Article 3 of the First Amended Complaint for Damages amending paragraphs 25, 28, and 29 of the original Complaint for Damages is denied.

### THIRD DEFENSE

Defendant denies that the plaintiff sustained any injury/damage as alleged in the Complaint for Damages or First Amended Complaint for Damages; however, should it be found that plaintiff was injured/damaged under the circumstances outlined in the Complaint for Damages or First Amended Complaint for Damages, which is denied, defendant shows that such injury/damage or injuries/damages were caused by the plaintiff's sole fault and/or negligence and/or inattention and/or omissions, which contributory or comparative negligence and comparative fault of plaintiff is specifically pled as a complete and total bar to, or in diminution of, any recovery by plaintiff in this action. It is specifically denied that defendant was negligent in any way, or in any way caused or contributed to any injuries/damages allegedly sustained by plaintiff in this action.

## FOURTH DEFENSE

Defendant denies that plaintiff sustained any injury/damage as alleged in the Complaint for Damages or First Amended Complaint for Damages; however, should it be found that plaintiff was injured/damaged under the circumstances outlined in the Complaint for Damages or First Amended Complaint for Damages; which is denied, defendant affirmatively shows that plaintiff's injury/damage or injuries/damages were caused solely and completely by persons, parties or entities for whom defendant is not legally responsible.

## FIFTH DEFENSE

Defendant denies that plaintiff sustained any injury/damage as alleged in the Complaint for Damages or First Amended Complaint for Damages; however, should it be found that plaintiff was injured under the circumstances outlined in the Complaint for Damages or First Amended Complaint for Damages, which is denied, defendant affirmatively shows that plaintiff's injury/damage or injuries/damages were caused by an unavoidable accident for which defendant cannot be held legally responsible.

## SIXTH DEFENSE

The accident complained of was due to the intervening and/or superceding negligence of another person for whom this defendant is not liable.

## SEVENTH DEFENSE

The accident and injury complained of, if such occurred, was due to force majeure or Act of God for which defendant, Professional Marine, can have no liability.

## EIGHTH DEFENSE

Defendant denies that plaintiff sustained any injuries/damages as alleged in the Complaint for Damages or First Amended Complaint for Damages; however, should it be found that plaintiff was injury/damaged under the circumstances outlined in the Complaint for Damages or First Amended Complaint for Damages, which is denied, defendant affirmatively shows that plaintiff's injury/damage or injuries/damages was caused by the risks and hazards of plaintiff's employment which plaintiff voluntarily assumed, and for which defendant cannot be held legally responsible.

**WHEREFORE,** defendant, Professional Marine, prays that after due proceedings are had that there be judgment in favor of Professional Marine and against plaintiff, dismissing plaintiffs' Complaint for Damages and First Amended Complaint for Damages, at their cost.

Respectfully submitted, this 20 day of April, 2001.

EMMETT, COBB, WAITS & KESSENICH

BY: _____
J. FREDRICK KESSENICH (7354)  T/A
MICHAEL W. MCMAHON (23987)
LOUIS G. SPENCER (26520)
1515 Poydras Street
Suite 1950
New Orleans, Louisiana 70112
Telephone: (504) 581-1301

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing has been served upon all counsel of record by depositing same in the United States Mail, postage prepaid and properly addressed, this 20 day of April, 2001.

J. FREDRICK KESSENICH
MICHAEL W. MCMAHON