UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY AND CII CARBON, L.L.C. | * |
| | * CIVIL ACTION NO. 00-0130 |
| VERSUS | |
| | * SECTION "L" |
| THE MG-332 AND MGR-39, her engines, tackles, boilers, furniture, apparel, etc., *in rem* | * MAGISTRATE (2) |
| | * |
| MGT SERVICES, INC. d/b/a MGT TRANSPORT SERVICES, INC., d/b/a MGT-T SERVICES, INC. *in personam*, | * |
| | * |
| ST. JOHN FLEETING, INC., *in personam*, | * |
| ST. JOHN FLEETING, L.L.C., *in personam*, | * |
| ABC INSURANCE COMPANY, *in personam*, | * |
| AND | * |
| XYZ INSURANCE COMPANY, *in personam* | * |

* * * * * * * * * * * * * * * * * * * * * * *

### CII CARBON, LLC'S ANSWER TO MGT SERVICES' COUNTERCLAIM AGAINST CII CARBON, LLC

**NOW INTO COURT**, through undersigned counsel, comes plaintiff/defendant-in-counterclaim, CII Carbon, L.L.C. ("CII"), who answers MGT Service, Inc's. counterclaim as follows:

### FIRST DEFENSE

CII realleges and reavers all of the previous allegations contained in all previous petitions and/or supplemental and amending petitions, as if repeated herein *in extenso*.

### SECOND DEFENSE

The counterclaim of MGT Services, Inc. fails to state a cause of action upon which relief can be granted against CII.

1

## **THIRD DEFENSE**

And now, without waiving any of the foregoing defenses, CII answers the allegations of the counterclaim categorically and by paragraph:

1.

It is admitted that this Court has jurisdiction over this matter, as alleged in paragraph 1.

2.

The allegations of paragraph 2 of the counterclaim are admitted.

3.

It is admitted that plaintiff-in-counterclaim has named CII Carbon, LLC and ABC Insurance Company as defendants in counterclaim, and the corporate status of CII Carbon, LLC is admitted.

4.

It is admitted that the Eastern District of Louisiana is a proper venue for this matter, as alleged in paragraph 4.

5.

The allegations of paragraph 5 are admitted.

6.

The allegations of paragraph 6 are admitted.

7.

The allegations of paragraph 7 are denied.

8.

The allegations of paragraph 8 are admitted.

9.

The allegations of paragraph 9 are admitted.

10.

It is admitted that on June 26, 1999, the barge MG-332, sank and rolled over while moored at the St. John fleeting facility resulting in a loss of its cargo. The remaining allegations of paragraph 10 are denied.

11.

It is admitted that the barge MGR-39 was pulled down by the sinking of barge MG-332, resulting in the sinking of barge MGR-39 and the loss of its cargo. The remaining allegations of paragraph 11 are denied.

12.

The allegations of paragraph 12 are denied for lack of sufficient information upon which to justify a belief therein.

13.

The allegations of paragraph 13 are denied.

14.

The allegations of paragraph 14 are denied.

15.

The allegations of paragraph 15 are denied.

16.

To the extent that the prayer for relief requires an answer by this defendant, the allegations contained in the prayer are denied.

WHEREFORE, CII Carbon, LLC prays that this answer be deemed good and sufficient and that after due proceedings are had there be judgment rendered herein in its favor and against MGT Services, Inc. dismissing the counterclaim against CII with prejudice at MGT Services, Inc.'s costs. Further, CII hereby adopts and realleges and reavers, as if restated *in extenso*, all of its previous defenses, allegations, and prayers for relief.

Respectfully submitted,

**CHOPIN, WAGAR, COLE, RICHARD, REBOUL & KUTCHER, LLP**

By: _____
RICHARD A. CHOPIN, T.A. (Bar No. 4088)
JASON P. FOOTE (Bar No. 25050)
Two Lakeway Center, Suite 900
3850 North Causeway Boulevard
Metairie, LA 70002-1752
(504) 830-3838
**Attorneys for Plaintiffs,
Travelers Property Casualty
and CII Carbon, L.L.C.**

5

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 4th day of June, 2001, served a copy of the foregoing pleading on counsel for all parties, by mailing same by United States Mail, properly addressed, and first class postage prepaid.

_____
JASON P. FOOTE