

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY, et al. | CIVIL ACTION |
| -VERSUS- | NUMBER 00-0130 |
| THE MG-332 and MGR-39, etc., et al. | SECTION L (2)<br>JUDGE FALLON<br>MAGISTRATE WILKINSON |

: : : : : : : : : : : : : : : : : : : : :

SUPPLEMENTAL MEMORANDUM OF ST. JOHN
FLEETING, INC. IN OPPOSITION TO MOTION
FOR SUMMARY JUDGMENT FILED ON BEHALF OF
PROFESSIONAL MARINE SURVEYORS & CONSULTANTS,
WAYNE COXE AND RODDY HURST

MAY IT PLEASE THE COURT:

St. John Fleeting, Inc. ("St. John") files this brief Supplemental Memorandum in support of its opposition to the Motion for Summary Judgment filed on behalf of Professional Marine Surveyors & Consultants, Wayne Coxe, and Roddy Hurst (hereinafter collectively referred to as "Professional Marine"). St. John respectfully submits that the statement that the barge MG 332 was not "overloaded" is misleading. While the barge was actually loaded with less tonnage than that indicated as the maximum by the ship's stowage plan, the evidence supported by the displacement survey provided by Professional Marine indicates that the barge was heavily loaded in certain areas of the

barge indicative of "overloading" and clearly improperly loaded since the load was not trim. From a practical perspective, the barge should have been observed by the loader (Cooper/T. Smith) and the surveyor (Professional Marine) who were CII's eyes on location at the time of loading relative to whether the barge was properly loaded. Professional Marine obviously was in a position to observe the condition of the barge after loading as noted in its survey. However, it was not until after the barge sank that information regarding the barge being overloaded in certain aspects and the presence of water in certain tanks was disclosed.

The failure of Professional Marine to report or otherwise convey to CII, its customer, information regarding the condition of the barge after loading, which should have been readily evident as to overloading and improper loading, signifies Professional Marine's negligence. It is this failure to convey information which was or should have been readily apparent and within the possession of Professional Marine which creates a disputed issue of fact and prevents the dismissal of Professional Marine from this litigation. In fact, Professional Marine clearly faces exposure to liability as the result of its actions or inactions in this case and must be present at trial for the trier of fact to assess its liability.

Notwithstanding Professional Marine's efforts to insulate itself from liability in this case, the actions of its professional surveyors prevents it from doing so. Professional Marine possessed pertinent information relative to the condition of the barge MG 332 which could have and should have been conveyed to CII prior to its departure from the location of loading at Cooper/T. Smith's facility at Mile 180 of the Lower Mississippi River. The negligence of Professional Marine in failing to disclose relevant information to its customer prevented CII or M/G-T Services from potentially taking action to correct the deficiencies in the barge and its cargo prior to its departure from

Cooper/T. Smith's loading facility. Accordingly, Professional Marine's actions contributed to the casualty in question and Professional Marine must not be dismissed from this litigation.

                                        Respectfully Submitted;

                                        STAINES & EPPLING

                                        _____
                                        ANTHONY J. STAINES, T.A. (12388)
                                        3500 No. Causeway Blvd.
                                        Suite 820
                                        Metairie, LA  70002

CERTIFICATE OF SERVICE          Telephone:  (504) 838-0019

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by the service method indicated below:

        Counsel for St. John Fleeting, Inc.

        [X] U.S. Mail
        [ ] Hand Delivery
        [x] Fax
        [ ] Other

This _20_ day of _July_ 2001.

_____