FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JUL 24 PM 12: 45

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TRAVELERS PROPERTY CASUALTY | * | |
| AND CII CARBON, L.L.C. | * | CIVIL ACTION |
| | • | NUMBER 00-0130 |
| VERSUS | * | |
| | • | SECTION "L" (2) |
| THE MG-332 AND MGR-39, her engines, | * | |
| tackles, boilers, furniture, apparel, etc., *in rem*, | * | |
| MGT SERVICES, INC. d/b/a MGT TRANSPORT | * | |
| SERVICES, INC., d/b/a MGT-T SERVICES, INC. | * | |
| *in personam*, ST. JOHN FLEETING, INC., | * | |
| ST. JOHN FLEETING, L.L.C., ABC INSURANCE | * | |
| COMPANY, AND XYZ INSURANCE COMPANY | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## OPPOSITION TO EXTENSION OF DEADLINES FOR REPORTS

NOW INTO COURT, through undersigned counsel, comes M/G Transport, who opposes the motion by St. John Fleeting seeking an Extension of Time to provide additional expert reports.

As set forth by this Court's original scheduling order, the expert reports of the plaintiffs were due on or about December 27, 2000 with the expert reports of the defendants being due on or about January 26, 2001. M/G Transport complied with these deadlines but received no expert reports from St. John Fleeting. Subsequently, St. John Fleeting filed a motion for extension of time to

1

exchange additional expert reports. At that time the Court granted CII Carbon's pending motion for leave to amend its claim to add Professional Marine Surveyors as additional defendants, and consequently the trial and deadlines in this matter were continued.

Accordingly, this Court issued a second scheduling order, which stated " written reports of experts, including treating physicians, who may be witnesses for defendants fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for plaintiff **as soon as possible, but in no event later than 60 days prior to the final pre-trial conference date.**" *See* Scheduling Order and minute entry dated February 22, 2001, p. 3. (emphasis added) Thus, St. John's expert reports were to be obtained by and delivered to counsel as soon as possible but in no event later than July 20, 2001.

St. John failed to comply with the Court's deadlines and at the last moment, again filed a motion to extend the deadline yet again, although no report had ever been provided to counsel. M/G objects to extending those deadlines again. St. John's already had an additional five (5) months since this Court's original deadline to obtain its experts and deliver their reports to counsel. This case has now been pending for over a year and seven months, St. John has conducted extensive discovery and thus, has had more than ample time to retain its experts and obtain their reports. The fact that they failed to do so should not inure to their benefit.

St. John offers no good reason to this Court for its failure to comply with the Court's order but instead argues that there is sufficient time to conduct further discovery and depose the untimely-designated experts. However, St. John fails to mention that it took over a year to arrange the

deposition of St. John's own employees and it took nearly 6 months to arrange for the deposition of M/G's expert and now with only 60 days remaining before trial, St. John seeks to submit <u>four additional experts</u> that will no doubt require further discovery. Importantly, St. John had previously only generically indicated that it intended to obtain two experts, a weather expert and safety expert, and it is only within the last few days that they have even identified the experts they intend to use. Apparently, after having the benefit of reviewing M/G's timely expert report and deposing M/G's expert, St. John now seeks an extension of time to submit expert reports to try to refute M/G's expert's testimony. Accordingly, despite the fact that St. John has had over 5 months since the original deadline to obtain their own expert reports they have not done so and it is only after deposing M/G's expert that they have now decided to obtain additional expert testimony. By waiting until the last minute to file its reports St. John has afforded no such luxury to M/G.

Given the nature of St. John's motion, M/G Transport takes issue with and objects to St. John waiting until M/G Transport has filed its reports and after deposing its witnesses to then move for an extension of time so that it can file additional expert reports. M/G has submitted its expert reports in compliance with the Court's original deadlines, and St. John has had ample time to obtain their experts and deliver their reports by July 20, 2001. As St. John has not presented this Court with any just cause why its expert reports could not be obtained in accordance with the Court's order M/G Transport respectfully requests that this Court enforce the deadlines as set forth in its scheduling order dated February 22, 2001 and deny St. John's second attempt to extend the deadlines for filing expert reports.

Respectfully submitted,

GEORGE J. NALLEY, JR.
A Professional Law Corporation

_____
GEORGE J. NALLEY, JR.           (9883)
CHRISTOPHER J. STAHULAK (27094)
Heritage Plaza - Suite 920
111 Veterans Memorial Blvd.
Metairie, LA  70005
(504) 838-8188

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this ____24th____ day of July, 2001 served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing the same by United States mail, properly addressed, and first class postage prepaid.

_____
GEORGE J. NALLEY, JR., APLC

4