MINUTE ENTRY
FALLON, J.
JULY 25, 2001

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY, ET AL | CIVIL ACTION |
| VERSUS | NUMBER 00-130 |
| MG-332 BARGE, ET AL. | SECTION "L" (2) |

    Pending before the Court is the Motion for Summary Judgment filed by Wayne Coxe, Robby Hurst, and Professional Marine Surveyors and Consultants. This case involves the sinking of Barges MG- 332 and MGR-39 which contained cargos of raw petroleum coke owned by Plaintiffs. The incident allegedly occurred on June 26, 1999, at a fleeting facility on the Mississippi River near Garyville, Louisiana, when the MG-332 sank pulling the MGR-39 down with it. Plaintiffs have sued MGT, the owner of the barges, St. John Fleeting, Inc, the owner of the fleeting facility, and Wayne Coxe, Robby Hurst, and Professional Marine Surveyors and Consultants, who performed the barges' cleanliness surveys and draft readings.

    Professional Marine Surveyors and Consultants, Wayne Coxe, its senior surveyor, and Roddy Hurst, its field surveyor, (collectively "Professional Marine") move for summary judgment arguing that there is no evidence that they owed or breached any duty that contributed to the sinking of the barges. Professional Marine admits that they performed a cleanliness inspection and a draft survey of MG-332.

    Summary judgment will be granted only when there are no genuine issues as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P.

DATE OF ENTRY
JUL 2 7 2001



56. When evidence of contradictory facts has been submitted, "the evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in his favor." *Willis v. Roche Biomedical Laboratories, Inc.*, 61 F.3d 313, 315 (5th Cir. 1995) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

Movants submit the expert testimony of Arthur D. Darden to show that the MG-332 was not overloaded and that they did not breach any duty owed. *See* Darden Dep. Ex. Q. However, St. John Fleeting, Inc. provided the Court with the contrary opinion of Kenneth P. Helmrich. *See* Report of Helmrich, Ex. A&B. In his report, Mr. Helmrich states that "the Barge 'MG-332' was considered to be a very heavy load and was loaded to its maximum draft or just beyond." Report of Helmrich, Ex. B. Further, Plaintiffs provided evidence that Professional Marine's draft readings and calculations were not given to either the Plaintiffs or the barge owner until at least June 24, 1999, the day before the barge sank and three to four days after Professional Marine completed the surveys. *See* Dep. of Wayne Cox, Ex. B. This contrary evidence is sufficient to create factual questions that must properly be resolved at trial. Therefore, for the foregoing reasons, Professional Marine's Motion for Summary Judgment is DENIED.