

U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FILED AUG - 9 2001

LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

TRAVELERS PROPERTY CASUALTY, et al.

-VERSUS-

THE MG-332 and MGR-39, etc., et al.

CIVIL ACTION

NUMBER 00-0130

SECTION L (2)
JUDGE FALLON
MAGISTRATE WILKINSON

: : : : : : : : : : : : : : : : : : : : : : : : :

## MOTION TO PERMIT TESTIMONY
## OF EXPERT WITNESSES

NOW COMES St. John Fleeting, Inc. ("St. John"), through undersigned counsel, for purposes of moving this Court for an Order permitting St. John's expert witnesses to testify at the trial of the captioned matter for the reasons set forth in the attached Memorandum.

Respectfully Submitted;

STAINES & EPPLING

_Anthony J. Staines_

ANTHONY J. STAINES, T.A. (12388)
3500 No. Causeway Blvd.
Suite 820
Metairie, LA 70002
Telephone: (504) 838-0019
Counsel for St. John Fleeting, Inc.

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by the service method indicated below:

[✓] U.S. Mail
[ ] Hand Delivery
[ ] Fax
[ ] Other

This 7 day of _August_ 2001.

_Anthony J. Staines_

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

TRAVELERS PROPERTY CASUALTY, et al.

-VERSUS-

THE MG-332 and MGR-39, etc., et al.

CIVIL ACTION

NUMBER 00-0130

SECTION L (2)
JUDGE FALLON
MAGISTRATE WILKINSON

: : : : : : : : : : : : : : : : : : : : : : : : :

## MEMORANDUM IN SUPPORT OF
## MOTION TO PERMIT TESTIMONY
## OF EXPERT WITNESSES

MAY IT PLEASE THE COURT:

Defendant, St. John Fleeting, Inc. ("St. John"), respectfully moves this Court for an order granting it leave to present testimony at trial from its expert witnesses. According to the calculations of the undersigned, St. John's expert reports were timely produced to all opposing counsel on the final day allowed for their exchange under this Court's Scheduling Order, July 23, 2001. Miscalculations of this cut-off date by both the undersigned and counsel for M/G T Services, Inc. ("M/G") and suggestions by counsel that the cut-off date for the exchange of expert reports fell on July 19, 2001, and July 20, 2001, respectfully, raise the appearance that St. John's expert reports were not timely disclosed, making this motion necessary for clarification and to notify the parties of

the mistaken reliance on these false assertions.[1]  Should this Honorable Court find that the deadline

for the exchange of expert reports was not met by St. John, then an order granting it permission to

present testimony at trial from its expert witnesses is still appropriate as the disputed one-business-

day delay in the production of these expert reports was completely harmless and justifiable under the

circumstances.  As St. John's inconsequential one-business-day delay was completely harmless and

justifiable under the circumstances, such an Order from this Honorable Court would be appropriate.

## I. FACTS

This matter involves damages resulting from the sinking of a barge owned by M/G while said

barge was in the possession of St. John.  The cause and circumstances surrounding the sinking of

M/G's barge are disputed and all parties will be relying in part on the testimony of expert witnesses

to aid this Court in formulating an opinion regarding the cause of the sinking.

As part of the defense of this matter, St. John retained the services of a fleeting expert, Jeff

Kindl, to offer opinions regarding St. John's fleeting operations and the integrity of the barge that

sank and was subsequently surveyed.  At the time of this incident, the marine surveys were performed

of the barges by Breit Marine Surveying, Inc. and survey reports were previously provided to counsel

authored by Hjalmar Breit, III.  Mr. Breit clarified and summarized his opinions regarding the sinking

of the barge MG 332.  In addition, Hjalmar Breit, II was retained to provide expert testimony

regarding the barge's stability and the free surface affect of water.  Finally, John Cordero was retained

to testify regarding weather data pertaining to heavy rain that fell in the location of St. John's fleeting

---

[1] The undersigned originally miscalculated the cut-off date and mistakenly suggested in St. John's Motion for Extension of Time Within Which to Provide Experts Reports by Defendants that the cut off date was July 19, 2001.  Counsel for M/G has likewise miscalculated its date and suggested to the Court in M/G's opposition to St. John's motion that the cut-off date was July 20, 2001.

facility on and about the time of the sinking. The testimony of these experts goes to the central issues of this case and is vital to the defense of St. John.

Realizing that information regarding measurements of rainfall near the location of St. John's facility, which had been subpoenaed from a third party, had not yet arrived, and additionally learning that St. John's fleeting expert required additional time to review the voluminous materials provided to him and issue a report, St. John moved this Court for an extension of time within which to provide expert reports.[2] The Court's imposed defense expert report deadline was July 21, 2001. As July 21, 2001, fell on a Saturday, under the provisions of Rule 6(a) of the Federal Rules of Civil Procedure, a cut-off for the exchange of the defense experts' reports should, in fact, be July 23, 2001. Counsel for St. John mistakenly thought that, and reported to the Court, that the defense expert report exchange deadline was July 19, 2001. Counsel for M/G likewise miscalculated the date and suggested to the Court that the cut-off date was July 20, 2001. In any case, St. John's motion and memorandum in support of its Motion For Extension of Time Within Which to Provide Expert Reports was filed prior to the cut-off date provided in this Court's Scheduling Order for the exchange of defense expert witness reports. Within the memorandum, each of St. John's expert witnesses was identified and the subjects to which they would testify were detailed.[3] Although St. John sought an expedited consideration of its motion, an opposition to the motion was not filed until July 23, 2001,

---

[2] Among the records provided to Jeff Kindle for review were 11 witness depositions; four survey reports; dispatch logs, fleet tickets, and vessel logs from various St. John fleeting boats; the report of M/G's expert; records from the Coast Guard investigation of the sinking; the accident report; diagrams and maintenance records of the barge in question; numerous photographs taken of the fleet along with various other documents regarding the tonnage of cargo loaded and the surveys performed of that barge.

[3] Please see St. John's Memorandum in Support of Motion for Extension of Time Within Which to Provide Expert Reports by Defendants, attached hereto as Exhibit "A."

and a hearing was not held until after July 23, 2001. In fact, M/G's opposition to St. John's motion was filed on July 23, 2001 (the next business day following the cut-off date of July 21, 2001), the same day that M/G received all of St. John's expert witness reports. Because of the objection to the extension of time voiced by M/G, this Honorable Court denied St. John's motion.

The single determining factor triggering St. John's request for an extension of the expert exchange deadline was the fact that Jeff Kindl, the fleeting expert, sought additional time to digest all of the information which had been recently provided him for consideration relative to rendering an expert report. The delay in retaining Mr. Kindl, notwithstanding that fact that this case had been pending for quite some time and had been continued on one previous occasion was strictly due to difficulty encountered in finding and retaining such an expert. While there are obviously numerous fleets, many of the experts in this field could not participate in this case for various reasons. Despite diligent efforts to locate a fleeting expert for several months, Mr. Kindl was not discovered until approximately two weeks prior to the expert report deadline. For this reason, a brief extension of the expert report deadline was requested. Since St. John realized that no prejudice nor surprise could be claimed by any party to this litigation as St. John had made its intentions well nown to introduce expert testimony in this matter, St. John's counsel advised its remaining experts that an extension of time was sought and it was likely that an extension would be granted. For this reason, in addition to the fact that additional information was expected to be received from Marathon Ashland Petroleum regarding rainfall measurements at a location near St. John's fleet, the experts were advised by St. John's counsel that the expert deadline should have been July 21, 2001, would likely be extended allowing additional time with which to provide all expert reports.

-4-

As is well known, efforts commenced on July 16 to obtain an agreement to an extension of

the defense expert exchange deadline, but they were unsuccessful. St. John's motion was eventually

filed on July 18, 2001, as a contradictory motion once counsel for M/G indicated that he had not yet

obtained notification from his client as to whether he could agree or object to the brief extension

sought by St. John. Although an expedited hearing was requested at the time of the filing of the

motion for extension, the matter was not addressed by the Court until the morning of July 20, 2001,

at which time this Honorable Court expressed that if a party objected to the imposed deadline date,

then the deadline would be strictly adhered to. Subsequent notification was provided to experts to

expedite transmittal of their reports and the reports were received by St. John's counsel on July 23,

2001, and were dispersed to all counsel on that date.

## II. LAW AND ARGUMENT

Rule 6(a) of the Federal Rules of Civil Procedure reads in pertinent part as follows:

> In computing any period of time prescribed or allowed by...order of
> the court...the day of the act, event or default from which the
> designated period of time begins to run shall not be included. The last
> day of the period so computed shall be included, unless it is a
> Saturday, a Sunday, or a legal holiday...in which event the period runs
> until the end of the next day which is not one of the aforementioned
> days.

Using the described method for the calculation of cut-off for the exchange of defense expert

reports, one must count back 60 days from September 19, 2001, the date set for the pre-trial

conference in this matter. July 21, 2001, is the 60th day counting back from September 19, 2001,

however, July 21, 2001, fell on a Saturday, thus making July 23, 2001, the appropriate cut-off for the

exchange of defense expert reports. St. John's expert reports were provided to counsel for all parties

on this date. Out of an abundance of caution, in the event this Court calculates a cut-off date in some

other fashion, as counsel for M/G apparently has, St. John requests that this Court issue an order permitting it to present the testimony of its experts at the trial of this matter as any controverted delay in the provision of St. John's expert reports was harmless and justifiable under the circumstances.

The controverted delay in providing expert reports in this matter was substantially justified by events that were beyond St. John's counsel's control and the arguable failure to provide those reports earlier was completely harmless. Under these circumstances, the denial of testimony from these important witnesses, which will undermine this Court's ability to properly assess the cause or causes of this incident, is unwarranted.

Rule 16 of the Federal Rules of Civil Procedure authorizes the district court to control pre-trial discovery with a Scheduling Order. Failure to comply with a pre-trial order can result in sanctions including the exclusion of witnesses and the payment of attorney's fees associated with non-compliance. The comments following the Rule state, however, that while a pre-trial order should not be changed lightly, "total inflexibility is undesirable." If St. John is deemed to have breached the expert report deadline, it's good faith actions mandate flexibility of the Court's Scheduling Order. The cases dealing with imposition of sanctions and penalties for failing to comply with a Court's Scheduling Order are all associated with unjustified actions which would undoubtedly prejudice an opponent's handling of the case. There is absolutely no basis to associate any unjustified or bad faith actions by St. John. To the contrary, St. John's good faith efforts to comply with the Court's Scheduling Order is exemplified by its timely request for a brief extension of time, its previous designation of experts, and specific identification of experts on a timely basis.

With regard to expert witnesses, this Court's Scheduling Order reads as follows: "[t]he Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been

-6-

compliance with this Order as it pertains to the witness and/or exhibits, *without an order to do so issued on motion for good cause shown.*" [Emphasis added.] St. John has complied with the Court's Scheduling Order. However, should there be an argument that St. John was late, St. John respectfully submits that good cause exists based on its diligent efforts to retain experts and obtain necessary information for the experts to render their reports. Moreover, if St. John was late, its motion was pending during the time that the delays expired. There is certainly more than sufficient evidence of good faith efforts by St. John to comply with the Court's Scheduling Order and a request for extension was only sought for justifiable reasons indicating good cause shown by St. John.

In *Bradley v. U.S.*, 866 F.2d 120 (5th Cir. 1989), the Fifth Circuit Court of Appeals prescribed the four factors to be considered by a court when deciding whether to hear evidence that was not properly or timely designated. These factors are: (1) the importance of the witnesses' testimony; (2) the prejudice to the opposing party of allowing the witness to testify; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation, if any, for the party's failure to identify the witness. *Bradley v. U.S.*, 866 F.2d 120, 125.

Counsel for a party that, for whatever reason, has been unable to comply with the provisions of a court's Scheduling Order, can ask for leave of court, through a motion showing good cause for such action and obtain leave of court to put on testimony that might otherwise be excluded by the Scheduling Order. *Book v. Nordrill, Inc.*, 826 F.2d 1457 (5th Cir. 1987). (See also the language of this Court's Scheduling Order which allows for an order to be issued allowing such testimony on motion for good cause shown.) In fact, motions of this type are preferred over attempts by counsel to put on such testimony at trial when opposing parties would be unduly prejudiced because of the inability to prepare due to the lack of disclosure. *Id.*

-7-

Following the Fifth Circuit Court of Appeals' decision in *Bradley v. U.S., supra*, Judge Polozola of the Middle District of Louisiana reversed himself on reconsideration and allowed a defendant to call an expert witness whose report had not been timely produced pursuant to the Court's Scheduling Order. Judge Polozola, following the factors promulgated in *Bradley*, found that it would not be in the interest of justice to prevent the defendants to call the expert witness at the trial. The Court noted that the parties, as in this case, would have ample time to depose defendants' experts and to update or re-evaluate any expert reports prepared by their experts. The Court also noted that the purpose of a trial is to present the full facts and truth to a fact finder and that excluding admissible and relevant evidence interfered with the juror's function. *Everett v. Chromalloy American Corp.*, 128 F.R.D. 226 (M.D. La., 1989).

Each of the cases cited herein, as well as any likely to be cited in opposition to this motion, concern significant failures to comply with a court's Scheduling Order, and involve the disclosure of the identity of a witness or the nature of his testimony on the eve of trial. Such is not the case in this situation. For example, as noted in *Book v. Nordrill, Inc., supra*, the extremely late disclosure of experts on the eve of trial and prejudice imposed upon the opposing party dictated the Court's enforcement of its Scheduling Order. In *Book* and the cases cited by *Book*, there was no justification for applying "intelligent flexibility" based on the exigencies of the situation. In this case, there is basis for intelligent flexibility and fair imposition of the Court's deadlines considering the circumstances of the case which involve St. John's good faith efforts to comply with the Court's Scheduling Order.

The undersigned has been diligent in making every effort to provide all of the necessary information to its experts in time for it to be considered in the formulation of those witnesses' expert reports. A delay in the receipt of vital weather records from a non-party under subpoena as well as

the late retention of plaintiff's fleeting expert caused a delay in St. John providing its experts' reports. Even given the complications that were not of St. John's making, the reports were received by St. John and forwarded to counsel for all parties on July 23, 2001, in compliance with the scheduled cut-off date. However, if there is a finding that July 23, 2001, was late by one business day, then applying the factors in *Bradley*, this Honorable Court should ensure that full facts and truths surrounding the incident which is the subject of this litigation are provided at trial by allowing the testimony of St. John's expert witnesses.

A. THE IMPORTANCE OF THE EXPERTS' TESTIMONY:

The first *Bradley* factor is the importance of the experts' testimony. There can be no doubt that the testimony of these experts goes to the central issues of this case. Jeff Kindl, an expert in fleeting operations, will provide information and an opinion regarding St. John's fleeting operations. Hjalmar Breit, III[4] will issue a report regarding the integrity of the barge which sank based on his marine survey and experience and Hjalmar Breit, III will additionally testify regarding the barge's stability and the free surface effect of water. Finally, John Cordero will provide essential expert testimony regarding the interpretation of weather data taken at the time of the sinking. All this testimony is highly relevant and its exclusion would be an improper draconian remedy.

---

[4] St. John submits that Hjalmar Breit, III, whose two marine survey reports were timely provided to counsel well in advance of any expert exchange deadlines, will testify regarding the surveys of the barges and opinions relative thereto. The additional expert report issued on July 23, 2001, in part authored by Hjalmar Breit, III simply sought to supplement, summarize, and clarify his opinions regarding the sinking of the barge MG 332.

B. POTENTIAL PREJUDICE TO THE PARTIES:

St. John respectfully submits that the parties to this case will suffer absolutely no prejudice as a result of this Court allowing the testimony of its expert witnesses. These witnesses were identified, and the nature of their testimony was detailed, prior to the cut-off date contained within this Court's Scheduling Order. In addition, the reports of these experts were timely provided to counsel for all parties or, arguably, merely one business day following this Court's cut-off date. All parties have known for quite some time that St. John intended to introduce expert testimony of this type and have sufficient time remaining prior to trial to take depositions of these witnesses and supplement the reports of their experts, if necessary.[5] In this regard, the controverted one day delay in providing the reports of these experts was completely harmless.

C. THE POSSIBILITY OF A CONTINUANCE:

This factor is provided by the *Bradley* court as a trial judge is typically forced to consider continuing a trial in order to allow the parties time to review withheld evidence and/or depose undisclosed witnesses. No continuance will be necessary as a result of the one day delay in the parties receiving the reports of St. John's experts. As depositions of these experts can be completed within the scheduled discovery cut-off, consideration of this factor must weigh in St. John's favor.

---

[5] In his Memorandum in Opposition to St. John's Motion for Extension of Time, counsel for M/G complained that it might potentially be difficult to schedule a deposition of St. John's experts should an extension be granted. Interestingly, the undersigned has received no request from M/G's counsel's office to schedule these depositions since identifying them by name and subject matter weeks ago. Certainly, St. John's one business day delay in providing the reports of these experts cannot be the cause for this delay in requesting dates for the taking of these depositions.

-10-

## D.  THE PARTY'S EXPLANATION FOR ITS CONDUCT:

As stated above, St. John notified all of the parties of the identity of each of its expert witnesses prior to the cut-off date. It likewise detailed the nature of the testimony that each of these experts will be providing. It was only due to difficulties encountered in retaining fleeting expert and his inability to consider all of the voluminous information provided to him in time to submit a timely report that resulted in the request for a brief extension for production of these reports. When confronted with the likelihood that its expert reports would be delayed, counsel for St. John immediately contacted the other parties to seek an extension of time in which to provide the expert reports and filed a motion with this Court for the same purpose, later being advised by counsel for M/G indicated that he could not endorse such an extension. These circumstances are clearly distinguishable from those in which parties have intentionally ignored the deadlines provided in a court's Scheduling Order in order to obtain a tactical advantage over its opponents and likewise distinguishable from cases in which a court's Scheduling Order deadline is not met due to the inexcusable inattentiveness of counsel.

After applying the factors provided by the *Bradley* court, this Honorable Court can certainly come to no other conclusion other than finding that if St. John failed to meet the deadline contained in the Court's Scheduling Order for the exchange of expert witness reports, then it was substantially justified and that the delay was harmless in that it did not prejudice any of the parties to this action. Therefore, in the interest of justice and to ensure that the full facts and truths regarding this incident are presented, this Court should grant St. John's motion for leave to permit the testimony of its expert witnesses.

Respectfully Submitted;

**STAINES & EPPLING**

_Anthony J. Staines_

ANTHONY J. STAINES, T.A. (12388)
3500 No. Causeway Blvd.
Suite 820
Metairie, LA 70002
Telephone: (504) 838-0019
Counsel for St. John Fleeting, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by the service method indicated below:

[ ] U.S. Mail
[ ] Hand Delivery
[ ] Fax
[ ] Other

This _7_ day of _August_ 2001.

_Anthony J. Staines_

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

TRAVELERS PROPERTY CASUALTY, et al.                     CIVIL ACTION

-VERSUS-                                                NUMBER 00-0130

THE MG-332 and MGR-39, etc., et al.                     SECTION L (2)
                                                        JUDGE FALLON
                                                        MAGISTRATE WILKINSON

:   :   :   :   :   :   :   :   :   :   :   :   :   :   :   :   :   :   :   :   :   :   :   :

## MOTION FOR EXTENSION OF TIME WITHIN
## WHICH TO PROVIDE EXPERT REPORTS BY DEFENDANTS

NOW COMES St. John Fleeting, Inc, through undersigned counsel, for purposes of requesting a brief extension of time within which to exchange defense expert reports. Defendants respectfully request an additional 14 days within which to provide expert reports to the parties to this litigation. St. John Fleeting, Inc. respectfully submits that a brief extension to August 2, 2001, will not impede or otherwise affect the advancement of this cause to trial, which is scheduled for October 9, 2001, nor will it adversely affect the parties' preparation for trial. All parties will have ample time within which to conduct discovery of experts following August 2, 2001, and, moreover additional parties are presently being contemplated as being added to this litigation by other parties to the litigation. All parties but one have no objection to the granting of this motion. Defendant,



EXHIBIT
A

M/G-T Services, Inc , has not advised whether it opposes the motion, and for this reason, the motion is filed as a contradictory motion.

Respectfully Submitted;

STAINES & EPPLING

_____
ANTHONY J. STAINES, T.A. (12388)
3500 No. Causeway Blvd.
Suite 820
Metairie, LA  70002
Telephone:  (504) 838-0019
Counsel for St. John Fleeting, Inc.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by the service method indicated below:

[ X] U.S. Mail
[  ] Hand Delivery
[  ] Fax
[  ] Other

This _____ day of _____ 2001.

_____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TRAVELERS PROPERTY CASUALTY, et al.                    CIVIL ACTION

-VERSUS-                                               NUMBER 00-0130

THE MG-332 and MGR-39, etc., et al.                    SECTION L (2)
                                                       JUDGE FALLON
                                                       MAGISTRATE WILKINSON

: : : : : : : : : : : : : : : : : : : : : : : :

MEMORANDUM IN SUPPORT OF
MOTION FOR EXTENSION OF TIME WITHIN
WHICH TO PROVIDE EXPERT REPORTS BY DEFENDANTS

MAY IT PLEASE THE COURT:

       Defendant, St. John Fleeting, Inc., respectfully requests an additional 14 days within which

the defendants may provide expert reports to the parties in this litigation. While St. John Fleeting, Inc.

has retained certain experts on its behalf, the experts continue to review information necessary to

issue their expert reports. The experts who will issue reports are as follows: Jeff Kindl will issue an

expert report regarding St. John Fleeting's fleeting operations; Hjalmar Breit, III will issue a report

regarding the integrity of the barge based on his marine survey and experience; Hjalmar Breit, II will

issue an expert report regarding the barge's stability and the free surface affect of water; and, John

Cordero will issue an expert report regarding weather data. Presently, all experts continue to review

information pertinent to the issuance of their reports. In fact, Mr. Cordero is awaiting information which was recently subpoenaed from Marathon National Petroleum Company regarding weather data maintained at Marathon's facility near the location of the incident forming the basis of this litigation.

The extension requested of two weeks will not impair or in any way adversely affect the progression of this matter to trial. The trial of this matter is scheduled for October 9, 2001, and there is absolutely no impediment to undertaking whatever discovery of experts the parties may require well in advance of trial.

For these reasons, defendant, St. John Fleeting, Inc., requests a brief extension of 14 days within which all defendants will be required to provide their expert reports.

Respectfully Submitted;

STAINES & EPPLING

ANTHONY J. STAINES, T.A. (12388)
3500 No. Causeway Blvd.
Suite 820
Metairie, LA 70002
Telephone: (504) 838-0019
Counsel for St. John Fleeting, Inc.

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by the service method indicated below:

[ ] U.S. Mail
[ ] Hand Delivery
[ ] Fax
[ ] Other

This _13_ day of _July_ 2001.