FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 AUG 15  PM 4:32
AUG 1 5 2001
LORETTA G. WHYTE
CLERK

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY, et al. | CIVIL ACTION |
| -VERSUS- | NUMBER 00-0130 |
| THE MG-332 and MGR-39, etc., et al. | SECTION L (2)<br>JUDGE FALLON<br>MAGISTRATE WILKINSON |

:  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :

## MOTION IN LIMINE TO EXCLUDE TESTIMONY
## AND EXPERT REPORT OF ARTHUR DARDEN

**NOW COMES**, through undersigned counsel, St. John Fleeting Inc. and St. John Fleeting L.L.C., (hereinafter collectively known as St. John Fleeting) who asks this Honorable Court to exclude the testimony and report of Arthur Darden.  Mr. Darden's report and testimony do not satisfy the requirements of Federal Rule of Evidence 702, as explained more fully in the accompanying memorandum.

Respectfully submitted,

**STAINES & EPPLING**

ANTHONY J. STAINES, T.A. (12388)
3500 N. Causeway, Suite 820
Metairie, Louisiana 70002
(504) 838-0019
Attorney for Defendant, St. John Fleeting, Inc.

Fee _____
Process _____
X / Dktd _____
CtRmDep _____
Doc.No. _____

## CERTIFICATE OF SERVICE

I do hereby certify that I have on the ___/5___ day of August, 2001, served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing the same by United States Mail, properly addressed, and first class postage pre-paid.

_Anthony J. Stanner_

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TRAVELERS PROPERTY CASUALTY, et al.          CIVIL ACTION

-VERSUS-                                     NUMBER 00-0130

THE MG-332 and MGR-39, etc., et al.          SECTION L (2)
                                             JUDGE FALLON
                                             MAGISTRATE WILKINSON

:  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :

MEMORANDUM IN SUPPORT OF MOTION IN
LIMINE TO EXCLUDE THE TESTIMONY AND
EXPERT REPORT OF ARTHUR DARDEN

**MAY IT PLEASE THE COURT:**

Defendants St. John Fleeting Inc. and St. John Fleeting L.L.C. (hereinafter collectively known as "St John Fleeting") assert that the testimony and report of Arthur Darden. a naval architect who has been retained by MGT Services, Inc. (hereinafter referred to as "MGT"), should be excluded. By his own admission, Mr. Darden's report is not based upon any special expertise as a naval architect but simple common sense. Further, while Mr. Darden has a degree and many years experience practicing naval architecture and maritime engineering, he has had no experience or special training with regard to fleeting operations. Therefore, his opinions regarding St. John Fleeting's responsibilities and their discharge thereof are baseless.

On January 13, 2000, Travelers and CII Carbon L.L.C. filed a complaint with this Court which alleged that St. John was negligent in its care of the barges MG-332 and MGR-39 and that said negligence resulted in financial loss to both plaintiffs. In furtherance of that claim, MGT engaged Arthur D. Darden, a naval architect with extensive experience as an expert witness in maritime matters.

At his deposition on June 1, 2001, Mr. Darden's qualifications and experience were reviewed in depth. While Mr. Darden has tendered many opinions and had much exposure to questions that involve the integrity, structure or construction of vessels, he has absolutely no experience or education regarding the operation or management of fleets. He also has never worked as a boat captain, operator or deckhand. (Exhibit "A", Deposition of Arthur Darden, pp. 31-32) Mr. Darden has never monitored barges in fleets or qualified as an expert witness in a case where the monitoring of barges in a fleet was the central question or issue. He also has never been engaged by a fleeting company to oversee or offer opinions regarding their fleeting operations. (Exhibit "A", pp. 32, 48)

Despite this lack of experience with fleeting companies and their customs and practices, Mr. Darden confidently asserted at his deposition and in his report of January 25, 2001 that it is his opinion that the sinking of the two barges was due to the negligence of St. John Fleeting. (Exhibit "B", Arthur Darden's January 25, 2000 report) In short, he believes that St. John Fleeting failed to properly monitor the barges after they discovered that MG-332 was listing to port and taking on large amounts of rainwater. Mr. Darden was questioned extensively about this conclusion at his deposition. What follows is the relevant excerpt of that testimony:

2

Q:   What expertise do you utilize with which to render a report regarding the fleeting operations conducted by St. John Fleeting?

A:   *Just common sense*. The barge had a problem. Its in their care and custody. They should have paid more attention to it and discovered what the problem was, put a pump on there, have someone watching it more than they did. (Emphasis supplied.)

Q:   So your rendering that particular opinion did not require any naval architecture or marine engineering expertise on your behalf, correct?

A:   Oh, I don't know. The barge is listing, so I know from a naval architecture standpoint why its listing.

Q:   Well, but deckhands knew it was listing. They could see that?

A:   Right.

Q:   They didn't need naval architecture or marine engineering expertise, did they?

A:   Probably not. ...

Q:   So *your common sense approach* to this based on the fact that not having worked in fleets but just being around barges and boats in general that since the barge sank and it obviously had water in it and had listed, that somebody should have been watching the barge, and since somebody didn't, that's the factor to why it sank, correct?

A:   Yes, correct.

(Exhibit "A", pp. 100-101,105) (Emphasis supplied)

The notes to Federal Rule of Evidence 702 are clear that if a subject is within the understanding of a layperson then expert testimony is unhelpful and thus, unnecessary. "There is no more certain test for determining when experts may be used than the common sense inquiry

3

whether the untrained layman would be qualified to determine intelligently and to the best possible degree the particular issue without enlightenment from those having a specialized understanding of the subject involved in the dispute." FRE 702 notes *citing* Ladd, Expert Testimony, 5 Vand.L.Rev. 414, 418 (1952)  This test is especially telling in the present case as Mr. Darden admitted in his deposition that his 'expert opinion' is no more than the application of common sense to the facts presented.  While Mr. Darden later testified about calculations he made regarding the amount of water taken on by the barge and how quickly it could have been pumped out, a calculation arguably within the expertise of maritime engineering, the essence of his opinion is that the barge sunk, that the barge should not have sunk and because it did, then St. John Fleeting obviously did something wrong.  His opinion was not based on the stability or seaworthiness of the vessel, areas that might be within the purview of a naval architect, but rather he applied general knowledge to the situation: the barge is in the care and custody of St. John Fleeting, the barge listed, barge takes on more water therefore St. John Fleeting *must* have done something wrong.   Moreover, his calculations and opinions regarding the pumping operations were not based on any inspection of this particular vessel or the pumps that were used on it, but rather generalized assumptions based on plans of the barge that assume the barge was in perfect condition and the catalog specifications for one of the many gasoline powered pumps that are on the market.  In Kumho Tire Co. Ltd. v. Carmichael, 526 U.S. 137, 119 S.Ct. 1167, 1177 143 L.Ed.2d 238 (1999), Supreme Court rejected a tire expert's opinion because, while he could opine about the brand in general, he could not say what caused the problem with the specific tire involved in the accident.

4

The facts offered by the plaintiff are not beyond the understanding of the layman as to require an expert to explain them. Although the present case is maritime in nature, that does not mean that the jury cannot understand the scenarios that Mr. Darden, who is in the position of a layman given his lack of experience in fleeting matters, examined. For example, in <u>Peters v. Five Star Maritime Service</u>, 898 F.2d 448 (5th Cir. 1990), the trial judge disallowed the testimony of an expert who was prepared to discuss the obligation to keep a deck free of diesel fuel, the importance of stowing cargo properly and the hazard of offloading a vehicle in rough seas. In his denial, the trial judge told the jury that the subjects that the captain were to testify to were within the ordinary experience and knowledge of the jurors, despite the fact that most of them had probably never worked in the maritime industry *See also* <u>Pope v. Chevron U.S.A.</u>, 1994 WL 179938 (E.D.La. 1994). Contrast <u>Peters</u> and the facts of the present case to those presented to the Fifth Circuit in <u>Smith v. United Gas Pipeline Co.</u>, 857 F.2d 1471 (5th Cir. 1988). In that case, the appellate court reversed the trial judge who disallowed expert testimony regarding the "reasonableness of using a ship's crane equipped with a headache ball and shackle without a tag line while the two ships were stern to stern in heavy seas, taking into account the backwash caused by the propellers of both vessels." Clearly, the latter scenario required an expert to explain the technical terms and physics to a jury. But the dangers of rough seas or boats taking on water need not be explained by an expert to the average juror.

This Honorable Court's brethren in the Eastern District have also not hesitated to exclude expert testimony in maritime cases. For example, Judge Vance in <u>Faye v. Lytal Marine Operators</u>

5

Inc., 2000 WL 19474 (E.D. La. 2000) disallowed the testimony of David E. Cole, a marine safety consultant, on the ground that his testimony was unnecessary and unhelpful to the trier of fact. His conclusion that small boats were more susceptible to wave action than larger ones were not, in the court's words, 'startling'. Furthermore, Mr. Cole's report, just like Mr. Darden's, here, did not offer any specific technical maneuvers that the crane operators should have employed or suggestions as to mechanical changes that should have been made. It simply stated that the unloading operations should have been finished when the weather was calmer. In the latter respects, Mr. Cole's report in Faye is similar to the report and testimony offered by Mr. Darden to this Court. Neither offer any specific advice as to what should have been done differently based on specialized expertise, but simply conclude that something more should have been done and that something was obviously done wrong because an event occurred.

Additionally, Mr. Darden fails to satisfy the standards for expert witness testimony pronounced in Daubert v. Merrell Dow Pharmaceuticals Inc., 509 U.S. 579, 113 S.Ct. 2786, 2795, 125 L.Ed.2d 469 (1993), as further elucidated in Kumho Tire Co. Ltd, *supra*. In order for an expert's testimony to be admissible, the proponent must first demonstrate that the expert is qualified to testify competently regarding the matters he or she intends to address. As discussed previously, Mr. Darden has no practical or educational experience regarding fleeting operations. (Exhibit "A", pp. 17–18, 31) The extent of Mr. Darden's exposure to the field of fleeting is summarized neatly starting on page forty seven of his deposition.

> Q:    None of the cases that you have been asked to testify about in a court have

6

law have involved monitoring of barges in a fleet, correct?

A:    That's correct.

Q:    You have not worked aboard fleet boats?

A:    No, sir.

Q:    You have not worked aboard line tugs or harbor tugs?

A:    No, sir.

Q:    You have not consulted with fleeing companies regarding their fleeting operations, correct?

A:    Correct.

Q:    You have in your career not been on the Mississippi River or at any other location for purposes of monitoring barges in the fleet, correct?

A:    I have been on barges in the fleet, but I have not been there specifically to monitor them.

Q:    You have not met with any fleeting companies or other entities for the purposes of analyzing or reviewing the procedures and policies of that entity for monitoring fleets, correct?

A:    Correct.

(Exhibit "A", pp 47-49) Therefore, based on his total lack of experience with regard to fleeting operations, Mr. Darden is not qualified to offer an opinion on the standard of care or practices employed by defendant St. John Fleeting.

The present case is similar to <u>McCullock v. H.B. Fuller Co.</u>, 981 F.2d 656 (2nd Cir. 1992) where the Court excluded the testimony of the plaintiff's expert witness. The Court determined that

7

while the expert was an industrial and electrical engineer with extensive experience in the field of workplace safety, his training and background did not qualify him to testify as to the adequacy of warning labels, the primary question before the bar. Also illustrative is the case of Thomas J. Kline Inc. v. Lorillard Inc., 878 F.2d 791 (4th Cir. 1989) in which a highly educated expert's testimony was disallowed because of her lack of experience in granting and denying corporate credit, a central issue in the matter.  In Bogosian v. Mercedes Benz of North America Inc., 104 F.3d 472 (1st Cir. 1997), a master mechanic's opinion regarding a design defect in a Mercedes 560 SEL that caused "false park detent" phenomena was excluded as the mechanic had no formal training in manufacturing, design, and had only had experience examining one other car that may have had a similar problem. While Darden is an experienced naval engineer, he knows nothing of fleeting.

An additional Daubert/Kuhmo requirement is that the expert testify regarding knowledge that will assist the trier of fact in understanding or determining issues.  Knowledge "connotes more than subjective belief or unsupported speculation.  The term applies to any body of known facts or any body of ideas inferred from such facts or accepted as truths on good grounds." Daubert v. Merrell Dow Pharmaceuticals Inc., supra. *See also* Textron Inc. v. Barber Colman Co., 903 F. Supp. 1558 (W.D.N.C. 1995) Furthermore, not every opinion rendered by someone who is presented as an expert is considered an expert opinion. To qualify under FRE 702 as expert opinion, a theory must be supported by the witness' expertise and not simply a thought put forth by a person hired as an expert.  U.S. v. Benson, 941 F.2d 598, 604 (7th Cir. 1991)  As discussed extensively above, Mr. Darden's opinion is not informed by any particular knowledge or study but rather is based on his

8

common sense observation that something must have gone wrong somewhere and somebody must be at fault.

Arthur Darden is a naval architect. He is not, by his own admission, an expert on fleeting. His opinions regarding the actions taken by St. John Fleeting with regard to barges MG-332 and MGR-39 are no more insightful than those of the average person and involve only the application of common sense. The threshold set forth for the introduction of expert testimony set forth in Federal Rule of Evidence 702 and its cases have not been satisfied. Thus, the testimony and report of Arthur Darden should be excluded at the trial of this matter.

Respectfully submitted,

**STAINES & EPPLING**

ANTHONY J. STAINES, T.A. (12388)
3500 N. Causeway, Suite 820
Metairie, Louisiana 70002
(504) 838-0019
Attorney for Defendant, St. John Fleeting, Inc.

### CERTIFICATE OF SERVICE

I do hereby certify that I have on the ___15___ day of August, 2001, served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing the same by United States Mail, properly addressed, and first class postage pre-paid.

9

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

TRAVELERS PROPERTY CASUALTY, et al.          CIVIL ACTION

-VERSUS-                                      NUMBER 00-0130

THE MG-322 and MGR-39, etc., et al.          SECTION L (2)

:  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :  :

**NOTICE OF HEARING**

PLEASE TAKE NOTICE that undersigned counsel will bring the attached Motion in Limine for hearing before this Honorable Court on Wednesday, September 12, 2001, at 9:00 a.m., or as soon thereafter as counsel may be heard.

Respectfully submitted,

**STAINES & EPPLING**

ANTHONY J. STAINES, T.A. (12388)
3500 N. Causeway, Suite 820
Metairie, Louisiana 70002
(504) 838-0019
Attorney for Defendant, St. John Fleeting, Inc.

## CERTIFICATE OF SERVICE

    I do hereby certify that I have on the ___15___ day of August, 2001, served a copy of the foregoing pleading on counsel for all parties to this proceeding by mailing the same by United States Mail, properly addressed, and first class postage pre-paid.

                                    _Anthony G. Staines_

-2-

# SEE RECORD FOR
# EXHIBITS
# OR
# ATTACHMENTS
# NOT SCANNED